Neel, J.
This case is an appeal from a denial by the Department of Public Welfare (“Department”) of Emergency Assistance (“EA”) benefits to pay plaintiffs rent for the month of October 1991.
Judicial review is provided under the provisions of G.L.c. 30A, Sec. 14. This review is confined to the record, except in cases of irregularities, and the court may affirm the decision of the agency, remand the matter for further proceedings, or set aside or modify the decision if it determines that the substantial rights of a party may have been prejudiced because of an error of law, or that the decision is unsupported by substantial evidence, is unwarranted by the facts found in the record, or is arbitrary, capricious or an *120 abuse of discretion. “Substantial evidence” is what a reasonable mind might accept as adequate to support a conclusion, Deacon Transportation, Inc. v. Department of Public Utilities, 388 Mass. 390, 395 (1983), and a court will not substitute its judgment for that of the agency when there is “substantial evidence.” See Boston Edison Company v. Boston Redevelopment Authority, 376 Mass. 151, 154 (1978),
The plaintiff, Saccardo, is a former recipient of Aid to Families with Dependent Children (“AFDC”). He lives with his daughter in Everett, Massachusetts. In 1991 his rent was $775 per month. His monthly AFDC grant was $486.
On July 26, 1991, Saccardo applied for EA benefits for payment of utility and fuel arrearages. The Department approved his application and on August 7, 1991 paid the utility and fuel bills. At the time of his application, Saccardo inquired about help with rent. His case worker, Allan Paone, told him that he could get up to three months’ assistance for rent in arrears. At Paone’s suggestion, Saccardo submitted a request for rent assistance (in the form of a notice to quit) on August 20. Paone held that request until September 4, when Saccardo submitted a similar notice for September. Both months’ rent was approved and paid September 4, 1991.
On October 4, 1991, Saccardo submitted a similar request for October’s rent. The Department denied that request on the ground that it was presented after expiration of the thirty-day authorization period for EA benefits, which began to run August 7 and closed September 6, 1991.[1] Accordingly, the Department maintained that Saccardo would not be eligible for EA benefits until twelve months had elapsed.
Saccardo appealed the denial, seeking payment of rental arrears for October and November 1991. An administrative hearing was held on December 16, 1991. Saccardo claimed, and the Department acknowledged, that it was reasonable to anticipate, in August and September, that Saccardo would be unable to pay his rent in October and November. The hearing officer upheld the Department’s action in a decision dated February 14, 1992. The plaintiff then filed this action for judicial review pursuant to G.L.c. 30A, Sec. 14.
DISCUSSION
This case presents an issue of interpretation of federal and state regulations.[2] A regulation is presumed valid if it has a reasonable relation to the goal advanced by the statute. Cliff House Nursing Home, Inc. v. Rate Setting Commission, 16 Mass.App.Ct. 300, 303 (1983). The burden of proof lies with the party challenging the regulation. Purity Supreme Inc. v. Attorney General, 380 Mass. 762, 776 (1980). The court has held on numerous occasions that “(wjhile an administrative or executive interpretation cannot bind the courts, weight should be given to any reasonable construction of a regulatory statute adopted by the agency charged with . . . [its] enforcement.” Amherst-Pelham Regional School Committee v. Dept. of Education, 376 Mass. 480, 491 (1978) (citations omitted).
The plaintiff has claimed that there is substantial evidence for this court to determine that he notified the Department of his anticipated need for October and November rent. However, both the Department and.the hearing officer concluded that an anticipated future need is not a “need” identified during the thirty-day authorization period under 106 CMR Sec. 309.020(F). Moreover, there is substantial evidence to support the findings of the hearing officer that “the threat of imminent eviction which arose during the authorization period did not extend beyond it.”
The plaintiff, Saccardo, was informed at the time he applied for EA that he would not be able to receive EA benefits for any month’s rent which was not actually in arrears during the authorization period. He had not demonstrated a present need during the authorization period for October and November, and could not present a notice to quit for non-payment of rent for those months until after the authorization period had closed. Although Saccardo argued that the foreseeability of future rent needs qualified those needs for payment “regardless of whether ... all required verifications have been received within the 30-consecu-tive-day authorization period,” id., the hearing officer determined that this did not amount to such a need. A court may not dispute an administrative agency’s choice between two conflicting views, even though the court might justifiably have made a different choice had the matter come before it de novo. Zoning Board of Appeals of Wellesley v. Housing Appeals Comm., 385 Mass. 651, 657 (1982).
ORDER
For the reasons stated above, it is hereby ORDERED that the decision of the administrative hearing officer is AFFIRMED.

 Saccardo maintains that Paone never told Saccardo in advance what the deadline was for submitting a notice to quit for October, and that when Saccardo presented the notice on October 4, Paone informed him that the deadline had expired on October 3. However, the Department and the hearing officer found that the authorization period began August 7 and closed September 6, 1991. This court must confine its determination to the administrative record and “give due weight to the experience, technical competence, and specialized knowledge of the agency as well as the discretionary authority conferred upon it.” G.L.c. 30A, Sec. 14. See also Board of Selectmen of Marion v. Labor Relations Commission, 7 Mass.App. Ct. 360, 361 (1979) (1978 citations omitted). Even if the case-worker had misinformed Saccardo, there was no prejudice because he could not in any event have presented evidence of an October arrearage by September 6. See discussion below.

 42 U.S.C. 606(e), 45 CFR 233.120, G.L.c. 18, Sec. 2(D), 106 CMR 309.00 et seq.